Argued October 6, peremptory writ ordered November 19, 1969

STATE EX REL CADY ET AL, *Plaintiffs, v.*
ALLEN, *Defendant.*

460 P. 2d 1017

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for plaintiffs. With him on the brief was Robert Y. Thornton, Attorney General.

*E. B. Sahlstrom,* Eugene, and *William A. Babcock,* Springfield, argued the cause for defendant. On

the briefs were Sahlstrom & Starr and Babcock & Ackerman.

McALLISTER, J.

This is an original proceeding in which this court issued an alternative writ of mandamus directed to the defendant commanding that he vacate two orders entered by him in a case pending before him or show cause why he had not done so. The defendant demurred to the alternative writ and the question before us is whether the facts stated in the writ entitle petitioners to a peremptory writ.

On September 2, 1966, Calvin F. Sutton, a workman covered under the Workmen's Compensation Law, sustained an accidental injury in the course of his employment and submitted a claim to the State Compensation Department.

On September 18, 1967, the Workmen's Compensation Board, through its Closing and Evaluation Division, determined that Sutton had suffered a compensable injury and granted him an award for permanent partial disability equal to 15 per cent loss of an arm due to an aggravation of a preexisting condition. Sutton was dissatisfied with the award and asked for a hearing. A hearing was held and thereafter on May 29, 1968, Norman F. Kelley, a hearing officer for the Workmen's Compensation Board, entered his opinion and order directing that Sutton be granted an additional award equal to 20 per cent loss of an arm, making a total award for permanent partial disability equal to 35 per cent loss of an arm.

Thereafter the State Compensation Department requested the Workmen's Compensation Board to re-

view the order of the Hearing Officer, Norman F. Kelley. On September 9, 1968, the Workmen's Compensation Board entered an order reversing the award of Hearing Officer Kelley and reinstating the original award equal to 15 per cent loss of an arm.

Thereafter Sutton appealed to the Circuit Court for Lane County from the order of the Workmen's Compensation Board. Thereafter on September 24, 1968, the Workmen's Compensation Board transmitted to the Circuit Court for Lane County the record of proceedings before the Workmen's Compensation Board.

The circuit court held a hearing, after which it entered an order containing the following recital of the reasons for the entry thereof:

"The court being desirous of further information in regard to the expertise that the court is to be guided by in view of the recent decision of the Supreme Court of the State of Oregon in the case of Romero vs. State Compensation Department, 86 Adv Sh 815, now therefore, the court in order to be fully advised in the premises; determines and finds that it must remand the above entitled matter back to the Hearing Officer to take evidence and make findings in regard to the training, experience, qualifications and expertise of the Closing and Evaluation Section of the Workmen's Compensation Board, and the individuals who are members of and comprise the Closing and Evaluation Section of the Workmen's Compensation Board, the Hearing Officer, Norman F. Kelley, who made the Opinion and Order dated May 29, 1968 involved in this proceeding, and of the members of the Workmen's Compensation Board who determined the questions involved herein and participated in the determination made by the Workmen's Compensation Board as indicated by the Order on Review of the Workmen's Compensation Board dated

September 9, 1968, to-wit: Marion E. Cady, Commissioner, and James Redman, Commissioner, * * *"

In accordance with the foregoing findings the court ordered as follows:

"ORDERED that the above entitled cause be remanded back to the Hearing Officer of the Workmen's Compensation Board to take evidence and to make findings as to the training, experience, qualifications and expertise of the Closing and Evaluation Section of the Workmen's Compensation Board and the individuals who comprise and are members of the Closing and Evaluation Section of the Workmen's Compensation Board, the Hearing Officer, Norman F. Kelley, who made and entered the Opinion and Order herein dated May 29, 1968 and of Marion E. Cady, Commissioner, and James Redman, Commissioner, members of the Workmen's Compensation Board who participated in determining the issues involved as contained in the Order on Review of the Workmen's Compensation Board dated September 9, 1968, which Order is the subject of this appeal and judicial review."

In *Romero v. State Compensation Department*, 250 Or 368, 440 P2d 866, 868 (1968), the issue was the degree of the claimant's disability. This court reversed a circuit court judgment which increased the compensation award and reinstated the award of the Workmen's Compensation Board. In so doing, we said:

"Although we are expected to review the record de novo, we feel that under the circumstances of this case we have no criteria for fixing the degree of disability or for deciding which of the three different percentages fixed in the preceding adjudications below comes closest as a measurement of plaintiff's loss. Under these circumstances we feel that the appraisal made by the Hearing Officer and which was affirmed by the Board should be

adopted. As counsel for plaintiff at the hearing admitted, 'Much of a disability rating is based, and very properly so, on the subjective complaints of pain.' In this subjective area the opportunity to observe the claimant and the other witnesses is of prime importance. The Hearing Officer is in a position to make this observation and we are not. Moreover, although we must review the record de novo, we are entitled to take into account the administrative agency's expertise which develops out of dealing with hundreds of similar cases. As has been pointed out, 'industrial commissions generally become expert in analyzing certain uncomplicated kinds of medical facts [and we would add nonmedical facts also], particularly those bearing on industrial causation, disability, malingering and the like.' 2 Larson's Workmen's Compensation, § 79.53, p 303 (1961). Further, it would seem that in the type of case we have before us, where the criteria for appraising disability is at best vague and highly subjective, the administrative agency should have some leeway in developing, if possible, a pattern of decision-making by a comparison of the many cases which are presented to it."

Defendant contends (1) that the circuit court is also required to review the record de novo, (2) that our decision in *Romero* requires him "to give some evidentiary weight" to the administrative determinations, and (3) that he is entitled to know the degree of expertise possessed by the various administrative personnel so that he can decide which of the administrative opinions is entitled to the most weight.

■ Defendant misconstrues our opinion. We did not imply that the administrative findings were entitled to "evidentiary weight." We held merely that in reviewing de novo the degree of disability the reviewing court is entitled to take into account "the administrative agency's expertise which develops out of deal-

ing with hundreds of similar cases." The reviewing court must decide in each case to what extent it will be persuaded by the administrative findings. *Lucke v. State Comp. Dept.*, 254 Or 439, 461 P2d 269 (1969).

We further point out that the expertise about which we wrote in *Romero* was not the experience of any individual administrative officer, but the expertise of the administrative agency as a whole. In *Ryf v. Hoffman Construction Company*, 254 Or 624, 459 P2d 991 (1969), we said:

> "In reviewing Workmen's Compensation cases it is not proper for us to consider the special talents or knowledge of *any individual judge* in the field of Workmen's Compensation law or any other area of the law. However, it is proper for us to consider the expertise of a government agency *as a whole,* whether an administrative body or a trial court. This was the import of our holding in Romero v. State Compensation Dept., 250 Or at 372-373, 440 P2d 866 (1968) when we said:

> " '* * * [W]e are entitled to take into account the administrative agency's expertise which develops out of dealing with hundreds of similar cases.'

> "As the present case illustrates, we may decide that the administrative officer erred in rejecting or accepting certain evidence or erred in some other procedural way. And we are free to exercise our judgment in the appraisal of the evidence to the extent that we can do so from an examination of the record. But this is not in derogation of the basic idea expressed in *Romero*."

■ The order of defendant requiring the hearing officer to investigate and report in regard to the training, experience, qualifications and expertise of the administrative personnel designated in the orders

of the defendant would be of no value and would necessarily interfere with and impair the efficiency and integrity of the agency involved. We therefore find it necessary to issue a peremptory writ.

It is so ordered.