Argued March 4, reargued September 10, affirmed
November 19, 1969

# LUCKE, *Respondent, v.* STATE COMPEN-
SATION DEPARTMENT, *Appellant.*

461 P. 2d 269

*Clayton Hess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General and Chief Counsel, Salem.

*Donald C. McClain,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

DENECKE, J.

The only substantial question in this workmen's compensation case is one of fact,—one of medical causation. We found it necessary to have a rehearing because of uncertainty in the court on the method of discharging our duty of fact finding as delegated by the legislature.

Claimant had acute epididymitis, that is, an inflammation of a portion of the testicle. The hearing officer and the Workmen's Compensation Board found the ailment was not caused by an industrial accident and, therefore, was noncompensable. The circuit court found it was caused by an industrial accident and was compensable.

A detailed statement of the evidence and the opinions of the hearing officer and circuit court is unwarranted. Except to the parties, the only importance of an appellate opinion in this case is as a statement of the application of previously announced principles for de novo review of workmen's compensation cases.

In *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968), we held that the statute required both the circuit court and this court to try these compensation appeals de novo on the record made before the hearing officer.

In *Romero v. Compensation Department,* 250 Or 368, 440 P2d 866 (1968), we held that because the hearing officer had a chance to observe the witnesses and because the agency would develop some expertise because of dealing with hundreds of like cases, we should take into account the decisions of the hearing officer and the board. We reaffirmed this principle in *Ryf v. Hoffman Construction Company,* 254 Or 624, 459 P2d 991, decided October 22, 1969.

■ The hearing officer in this case opined that the claimant's credibility on the issue of the cause of his ailment was questionable because he had been impeached. Study of the transcript does not lead us to the same conclusion. The claimant was inconsistent upon a collateral matter. Nevertheless, taken in the entire context of claimant's testimony, this inconsistency alone does not cause us to doubt the witness's credibility. It could be that something else about the claimant caused the hearing officer to doubt his credibility; however, the hearing officer only mentioned the alleged impeachment as the reason for his doubt. In addition, there was no evidence, direct or indirect, of any cause of claimant's condition, other than that stated by the claimant.

The hearing officer questioned the attending physician's opinion on causation because the physician incorrectly stated a critical portion of the history. The physician did not personally testify; only his report was in evidence. The entire record causes us to con-

clude that this statement was inadvertently made and the physician knew and took into account the correct history.

■ The medical evidence favorable to the insurer, the defendant, was largely statistical. It is to the effect that a small percentage, if any, of acute epididymitis cases are caused by strain. The treating physician, the only physician familiar with claimant's case, concluded that the industrial strain reported by claimant was the cause of his condition. True, the physician reached this conclusion, based upon the history received from the claimant and his findings and observations, because he could not account for the condition by any other means. This is not the strongest kind of reasoning; however, our experience has taught us that this is sometimes the only way in which medical causation can be determined. Taking into account the agency's expertise and the hearing officer's opportunity to observe the witnesses, as triers of fact we, nevertheless, find that industrial strain caused plaintiff's condition and he is entitled to compensation.

■ For clarification of the procedure in future hearings we decide another assignment of error. The hearing officer, over claimant's objection, received a memorandum by a doctor into evidence. The memorandum concerned Lucke's claim. It quoted from several medical texts and the author of the memorandum concluded that only a small percentage of cases of acute epididymitis was caused by strain. It is contended that this report should not have been received into evidence because it was an abstract opinion, not based upon any examination or history of Lucke. The hearing officer based his ruling upon ORS 656.310,

which authorizes the receipt of medical reports. In addition to that statute, ORS 656.283(6) provides:

> "Except as otherwise provided in this section and rules of procedure established by the board, the hearing officer is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

The exhibit had some probative value. The ruling of the hearing officer was correct.

Affirmed.