Argued March 16, reversed July 9, petition for rehearing denied
August 4, petition for review allowed November 10, 1970.

# SURRATT, *Respondent, v.* GUNDERSON
# BROS. ENGINEERING CORP., *Appellant.*

471 P2d 817

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Mautz, Souther, Spaulding, Kinsey and Williamson, and Robert E. Joseph, Jr., Portland.

*James J. Kennedy,* Portland, argued the cause for respondent. With him on the brief were Ryan and Kennedy, Portland.

Before SCHWAB, Chief Judge, and FORT, and BRANCHFIELD, Judges.

## SCHWAB, C. J.

This workmen's compensation appeal presents only factual issues. The accident consisted of claimant's feeling sudden back pain when lifting steel plates in the course of his employment. After a course of conservative treatment surgery was performed on March 30, 1967. This surgery was to fuse a certain area of the back. Although there is some conflict in the medical opinion it appears that the surgery was not completely successful, leaving a pseudoarthrosis. Although the surgery apparently disclosed no abnormality resulting from the accident, there is no contention that the surgery was not the consequence of it. Thus it is the claimant's physical condition subsequent to surgery that is determinative of the proper award for his permanent partial disability.

The hearing officer affirmed an award for permanent partial disability equal to 40 per cent loss of an arm by separation for unscheduled disability. On ap-

peal the Workmen's Compensation Board affirmed the award made by the hearing officer.

On the next appeal the circuit court increased the award for permanent partial disability to 90 per cent loss of an arm by separation for unscheduled disability, 20 per cent loss of use of the right leg and 20 per cent loss of use of the left leg.

Claimant's physical complaints at the time of trial before the hearing officer related to his back, legs and neck. There is no medical testimony connecting claimant's subjective complaints about his neck to the accident or subsequent medical treatment.

The only medical testimony concerning leg pain is that claimant's leg pain was due to the back surgery and that the leg pain did not increase the impairment of physical function resulting directly from the back surgery.

Several doctors examined claimant subsequent to the surgery. At the trial before the hearing officer the only doctor to testify was an orthopedist who had examined the claimant on behalf of the defendant, but was called as a witness by claimant. The other doctors, whose reports were made a part of the record, throw little light on the extent of claimant's permanent disability. The medical witness felt that claimant did have pain in his back and that it was the result of surgery. The doctor did not feel that the pseudoarthrosis was a primary cause of claimant's difficulties. His opinion was that claimant should not do heavy manual labor, but should be encouraged to do physical work. He was unwilling to attempt to state in any precise terms the extent of claimant's work limitation. The claimant himself testified that his back always hurt, but that it hurt more after he had done some lifting.

From the time of the injury in May of 1966 until the time of hearing in October 1968, claimant had not sought employment of any kind. During the interim he acquired a small amount of acreage on which he had busied himself clearing the land, mending fences and getting ready to raise calves.

The record taken by its four corners indicates that the claimant is a man with limited physical and mental abilities and no overwhelming desire to use to the fullest such abilities as he has. In the language of *Romero v. Compensation Department*, 250 Or 368, 372, 440 P2d 866 (1968):

> "Although we are expected to review the record de novo, we feel that under the circumstances of this case we have no criteria for fixing the degree of disability or for deciding which of the three * * * adjudications below come closest as a measurement of the plaintiff's loss. Under these circumstances we feel that the appraisal made by the Hearing Officer and which was affirmed by the Board should be adopted * * *."

Or, to cast this holding of *Romero* in different phraseology, when the record is such that after reviewing it we cannot say with any degree of conviction what the proper result should be, we defer to the administrative agency and affirm the result reached by it. *Hannan v. Good Samaritan Hospital*, 4 Or App 178, 471 P2d 831, 91 Adv Sh 903, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

For the foregoing reasons we hold that the judgment of the trial court must be reversed and the order of the Workmen's Compensation Board be reinstated.

Reversed.