Argued May 17, affirmed June 23, 1972

CHAPIN, *Respondent, v.* BATE PLYWOOD
COMPANY, INC. ET AL (No. 71-341-L),
*Appellants.*
498 P2d 388

*Keith D. Skelton,* Portland, argued the cause and
filed the brief for appellants.

*C. H. Seagraves, Jr.,* Grants Pass, argued the cause
for respondent. With him on the brief were Myrick,
Coulter, Seagraves & Nealy, Grants Pass.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

AFFIRMED.

## FORT, J.

Claimant injured his back when he slipped while pulling and stacking veneer from his employer's dryer in May 1969, and duly filed a claim. The Closing and Evaluation Division awarded him 16 degrees. The hearing officer awarded him 112 degrees. The Workmen's Compensation Board on review reduced this award to 64 degrees. The circuit court on de novo review reinstated the award of the hearing officer of 112 degrees. The employer appeals and asks that we reinstate the award of 16 degrees given by the Closing and Evaluation Division.

As required by statute, we have reviewed the record de novo. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *Surratt v. Gunderson Bros.*, 3 Or App 228, 471 P2d 817 (1970), *modified* 259 Or 65, 485 P2d 410 (1971).

The decision of the hearing officer was made prior to the *Surratt* decision. In conformity with former practice he awarded 80 degrees for permanent partial disability and 32 degrees for permanent loss of wage earning capacity.

The Workmen's Compensation Board decision came after *Surratt* was decided. The Board concluded first

"* * * that the earnings impairment factor found by the Hearing Officer of only 32 degrees is not adequate and that the evaluation of unscheduled disability properly should be and is hereby established at 64 degrees.",

and second:

> "The award based upon physical impairment is not proper either from the standpoint of supporting medical evidence or from a legal standpoint following Surratt."

Accordingly, it entered its award of 64 degrees.

■ In arriving at its decision to reduce the award of the hearing officer the Board appeared substantially influenced by its conclusion that claimant was not well motivated to return to work. The hearing officer, who alone saw and heard the witnesses, expressly concluded otherwise, stating:

> "* * * I conclude that claimant's motivation is not suspect."

The rule is well established that in such factual matters substantial weight is accorded to the findings of the hearing officer. *Hannan v. Good Samaritan Hosp.,* supra; *Surratt v. Gunderson Bros.,* supra.

The circuit court in its review expressly applied this rule, and, as a result of its de novo review, reinstated the disability award of the hearing officer.

■ From our own independent examination we conclude that the judgment of the circuit court reinstating the hearing officer's award of 112 degrees for an unscheduled disability should be affirmed.

Affirmed.