Argued April 23, affirmed May 19, 1975

JENKINS, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 74-1277), *Respondent.*
535 P2d 124

*Bruce Zagar,* Certified Law Student, Salem, argued the cause for appellant. On the brief were Rolf T. Olson and Dye & Olson, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

## FOLEY, J.

This is an appeal by the claimant from a circuit court order affirming an order on review of the Workmen's Compensation Board (Board). A determination order, issued September 6, 1972, awarded claimant 32 degrees of permanent partial disability, 10 percent of the maximum allowable for unscheduled low back disability. Pursuant to a hearing, a referee increased the award to 176 degrees, equal to 55 percent of the maximum allowable. In its order on review the Board reduced the award to 96 degrees, or 30 percent of the maximum.

Claimant contends that he is permanently and totally disabled, or, if not, he is at least entitled to the amount of compensation awarded by the referee. The State Accident Insurance Fund (Fund) contends that the 30 percent unscheduled disability award granted to claimant by the Board and circuit court "adequately compensates the claimant for the effects of his industrial injury."

Claimant, now 40 years old,[1] was born in North Carolina, where he lived until he left home at age 16, by which time he had only a fifth grade education because of the need to stay home and do farm work.

---

[1] Born April 9, 1935.

His employment experience since that time has consisted exclusively of sawmill work or working in the woods and most of his sawmill work consisted of pulling on the green chain, which is heavy work involving large pieces of lumber. Claimant injured his back on September 9, 1971, while pulling a 38′ x 2″ x 12″ piece of lumber. He completed the day's work but was unable to get out of bed on the following morning. Prior to the injury claimant had experienced no back problems and had filed no claims for Workmen's Compensation benefits. He has not returned to work for pay since his injury.

Claimant's condition has been diagnosed as an acute lumbosacral strain syndrome, or acute low back strain.

Claimant is now in the Oregon State Penitentiary where he has not received any vocational training (although he has requested such training) because of an apparent medical restriction against his working.[2] Claimant's benefit checks are sent to his wife and family. Claimant is participating in educational programs with the aim of taking a General Equivalency Degree test and at the time of the hearing claimant had achieved an eighth grade level of education.

Claimant testified that his back still bothers him, that he can no longer lift very much, that it bothers him to bend over, and that he cannot walk more than halfway around the exercise track at the penitentiary without sitting down. He further testified that he is unable to do other exercise because of back pain, that he has difficulty sleeping, and that there has been no substantial change in his physical condition since the date of the injury.

Claimant testified that although he could not return to the work he formerly did and does not know

---

[2] Claimant testified he is placed under a "medical idle" classification.

what work he would be able to perform physically, he would be willing to attempt the operation of machinery or any other lighter work which could be found.

The referee found claimant to be "entirely credible" and was "persuaded that he has the physical limitations which he testified to." The referee further noted:

"* * * There is nothing in the medical record submitted at the hearing which suggests that any of the doctors who have treated [claimant] seriously question the validity of his complaints. While the report of Dr. [Jerry R.] Becker on his post-hearing examination of claimant notes possible give way weakness and non-dermatomal hypesthesia distribution, this apparently raised no serious question in the doctor's mind concerning the validity of claimant's complaints since he continued to opine that claimant should be vocationally retrained with strict limitation of physical exertion.

"* * * * * "

The referee then concluded, in the context of claimant's background, work experience limited to heavy duty labor, and the fact that claimant is permanently excluded from the heavy duty labor market as a result of his physical limitations, that "the impact on [claimant's] wage earning capacity is severe."

On review, the Board found that the referee's award was excessive, reasoning that:

"* * * * *

"* * * [C]laimant's permanent loss of earning capacity is not as great as claimant's subjective complaints would suggest. Although he cannot return to the heavy labor he formerly performed, he has sufficient intellectual and physical resources to engage in a number of suitable endeavors which will produce earnings comparable to those he received as a laborer. For example, working as a forklift operator, mentioned by claimant as work

he is interested in, seems well within his physical capabilities.

"* * * * *"

The claimant is not permanently and totally disabled. It is our duty to determine de novo the extent of his permanent partial disability. While we give weight to the opinion of the referee as to credibility, we also consider the expertise of the Workmen's Compensation Board which has the administrative function of reviewing many determination orders of referees. We conclude that the Board's award (and that of the circuit court) more appropriately reflects the realities of this 40-year-old claimant's disability. We therefore affirm the award of 96 degrees, equal to 30 percent of the maximum allowable for unscheduled low back disability.

Affirmed.