FRANTZ, *Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Appellant.*

(No. A-77-03-03565, CA 8388)

569 P2d 31

Kevin L. Mannix, Assistant Attorney General, and Kathleen Dahlin, Certified Law Student, Salem, argued the cause for appellant. With them on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Sidney A. Galton, Portland, argued the cause for respondent. With him on the brief was Galton & Popick, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

In this worker's compensation case, the hearings officer affirmed a determination order granting the worker an award of 16 degrees for five percent of permanent partial unscheduled disability, the Worker's Compensation Board increased the award to 48 degrees for 15 percent of permanent partial disability, and the circuit court further increased the award to 144 degrees for 45 percent of permanent partial disability. The Fund appeals. We try the case de novo on the record.

At the time of the injury, claimant, 46, was employed in janitorial maintenance. In the course of his work, he suffered a herniated disc which was surgically removed with what the surgeon described as an "excellent result." After his last examination, the surgeon reported that the X rays reveal an "excellent fusion with no evidence of any other problem." He further reported that "[t]here was persistent, slight weakness of the right triceps and objective decreased pinprick sensation in the second and third digits on the right," that the diminished sensation "will likely persist for many months" and that there may be some permanent loss of sensation. The doctor's report does not expressly relate these symptoms to the injury, but causation has been assumed throughout and we make the same assumption here.

■■ The residual physical symptoms are not sufficient in themselves to justify the award of 45 percent of permanent partial disability ordered by the circuit court. The circuit court was influenced to enlarge the award by the claimant's testimony that he had been unsuccessful in obtaining employment despite many job applications, thereby "indicating substantial motivation." Before the failure to secure new employment becomes a significant factor in assessing the degree of disability, however, it must be clear that the disability is a substantial cause of the claimant's inability to participate in the labor market. Claimant testified

that it was difficult for him to secure employment because of his previous injury. The relatively small extent of claimant's physical impairment, however, is insufficient to account for his inability to obtain employment. Therefore the award should be scaled according to the degree of physical impairment.

In determining the degree of disability resulting from industrial injury, we usually defer to the expertise-based determinations made by the Workers' Compensation Board. *Carlson v. Georgia Pacific,* 30 Or App 625, 567 P2d 614 (1977); *Romero v. Compensation Department,* 250 Or 368, 373, 440 P2d 866 (1968). The Board order is therefore reinstated.

Reversed.