THORNTON, J.
Claimant appeals from an order of the circuit court affirming an order on review of the Workers’ Compensation Board (Board). A determination order issued on February 12, 1976, awarded claimant 48 degrees for 15 percent unscheduled back disability and bums. Pursuant to a hearing on September 21, 1976, a referee increased the award to 160 degrees equal to 50 percent of the maximum allowable. The Board affirmed the referee’s award. Claimant contends he is permanently and totally disabled.
Claimant is a 70-year-old workman whose principal work experience is in the asphalt construction business. For years prior to this industrial accident he had suffered from back and leg pain. A laminectomy was performed in May 1972 by Dr. John Raaf, a neurosurgeon, which resulted in complete relief of leg pain and marked relief of back pain. Claimant showed steady improvement following surgery and retired in January 1973, at the age of 65.
In September 1974 claimant’s son, who owns an asphalt paving firm, asked claimant to come work for him and help iron out some management problems. Claimant did so, and performed a variety of administrative tasks as well as some mechanical repair "trouble shooting.” In the latter part of September 1974, claimant agreed to run the asphalt plant while the plant manager was on vacation. On September 27, while claimant was using a torch, his pants caught on fire and material dropping to the floor started a fire in some oil. Claimant was engulfed in flames and, as he started down a ladder, missed a rung and fell forward 10 feet to the floor. A co-worker put out the fire and claimant was taken to the hospital, where he spent 73 days recovering from first, second and third degree bums.
In February 1975 claimant was referred to Dr. Raaf for examination for back pain. Dr. Raaf concluded that *[1130] in addition to the preexisting scoliosis claimant also had a marked degree of arthritis. Because there was no radiation of pain into the legs, Dr. Raaf felt that surgery was unnecessary, and recommended conservative treatment. Claimant was examined by Dr. Raaf in October 1975 and the doctor concluded that claimant’s condition was unchanged. In November 1975 claimant was examined by Dr. Philip Corbett who indicated that claimant’s residual disability from the industrial injury was minimal.
In August 1976, about a month before the hearing, claimant was examined by Dr. Lawrence Cohen, an orthopedist. At that time claimant related he had pain in his back on the right side, pain in the right shoulder and pain in both legs. Dr. Cohen concluded that claimant was permanently and totally disabled.
According to the testimony of claimant and his wife the accident has limited his activities significantly. Household repairs and yard work are activities in which he is extremely limited or unable to perform at all. He no longer is able to hunt or stream fish, but can fish for limited periods of time in a boat. Claimant testified he is unable to stand very long or walk very far without rest, and he is more restricted in the distance he can drive without rest. Claimant also testified to suffering from shortness of breath, which he did not have prior to the injury.
Claimant argues that he is entitled to an award of permanent total disability. Taking into consideration his age, education (through high school and one year of college) and work experience, we conclude that he is not permanently or totally disabled. Of the doctors who examined claimant only Dr. Cohen found him to be permanently and totally disabled, and the referee concluded that Dr. Cohen’s testimony was not as persuasive as that of the other two experts. We agree. Further, claimant’s work value is in the area of administration and not in laboring activity which is hindered by claimant’s injury. As to the degree of *[1131] disability, we agree with the referee, Board and circuit court that the award of 160 degrees, equal to 50 percent of the maximum allowable for unscheduled back injury and bums, was appropriate. Jenkins v. SAIF, 21 Or App 447, 451, 535 P2d 124 (1975).
Affirmed.