Submitted on remand from the Oregon Supreme Court February 14,
remanded with instructions March 13, 1978

See 29 Or App 295, 563 P2d 738 (1977), and 281 Or 353, 574 P2d 653 (1978)

RUSSELL, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-8-244A, CA 7359)

576 P2d 376

Kevin L. Mannix, Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were James A. Redden, Attorney General,
and W. Michael Gillette, Solicitor General, Salem.

Raymond J. Conboy, Portland, argued the cause for
respondent. On the brief were Pozzi, Wilson, Atchison,
Kahn & O'Leary and Donald N. Atchison, Portland.

Before Schwab, Chief Judge, and Thornton and
Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

We conclude that this case should be remanded to the Workers' Compensation Board for a redetermination of the extent of claimant's permanent partial disability in the light of *Russell v. SAIF,* 281 Or 353, 574 P2d 653 (1978).

In *Romero v. Compensation Department,* 250 Or 368, 372-73, 440 P2d 866 (1968), the Supreme Court held:

> "* * * Moreover, although we must review the record de novo, we are entitled to take into account the administrative agency's expertise which develops out of dealing with hundreds of similar cases. As has been pointed out, 'industrial commissions generally become expert in analyzing certain uncomplicated kinds of medical facts [and we would add non-medical facts also], particularly those bearing on industrial causation, disability, malingering and the like.' 2 Larson's Workmen's Compensation, § 79.53, p. 303 (1961). Further, it would seem that in the type of case we have before us, where the criteria for appraising disability is at best vague and highly subjective, the administrative agency should have some leeway in developing, if possible, a pattern of decision-making by a comparison of the many cases which are presented to it."

*Ryf v. Hoffman Construction Co.,* 254 Or 624, 459 P2d 991 (1969), and *State ex rel Cady v. Allen,* 254 Or 467, 460 P2d 1017 (1969), shortly followed *Romero* and explained but did not change the import of the above language.

In *Romero* the court deferred to the expertise of the Workmen's Compensation Board (now Workers' Compensation Board) in determining the extent of the claimant's partial disability, *i.e.,* in the setting of the amount of degrees to be awarded the claimant. In several cases this court has echoed the rule that some deference to the Board on the extent of partial disability is appropriate. *Hart v. SAIF,* 31 Or App 181, 570 P2d 92 (1977); *Frantz v. SAIF,* 30 Or App 927, 569 P2d 31 (1977); *Carlson v. Georgia Pacific,* 30 Or App

625, 567 P2d 614 (1977); *Jenkins v. SAIF,* 21 Or App 447, 535 P2d 124 (1975); *Surratt v. Gunderson Bros.,* 3 Or App 228, 471 P2d 817 (1970), *modified on other grounds* 259 Or 65, 485 P2d 410 (1971); *cf., Jellum v. SAIF,* 31 Or App 1127, 572 P2d 343 (1977).

Remanded with instructions.