DANIEL, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. A-7707-09788, CA 9143)

575 P2d 1013

R. Kenney Roberts, Portland, argued the cause for appellant. On the brief were Daniel L. Meyers and Jones, Lang, Klein, Wolf & Smith, Portland.

Kenneth L. Kleinsmith, Associate Counsel, Portland, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Portland.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This is a review of an order of the Workers' Compensation Board denying the claimant's request to reopen her claim. The hearings officer ordered the claim reopened, the Board reversed, and the claimant appeals asserting that she is entitled to mental health treatment or, alternatively, that she should be found to be permanently and totally disabled.

In summary, the background is that the claimant, a middle-aged, mildly-retarded institutional cook, had worked steadily for 11 years when she slipped and fell, suffering a back injury. As a result of medical treatment there is minimal residual back disability. There is, however, a functional overlay which hinders her ability to return to work. Upon physical activity, she suffers from back pain. The pain is real, but of psychosomatic origin.

In May, 1974, a determination order granted her 16 degrees or five percent of total unscheduled disability. In February, 1975, the claim was reopened for further medical treatment and the claim was closed again in February, 1976, with an award of an additional 16 degrees disability. Neither determination order was appealed.

Thereafter claimant filed the instant request that her claim be reopened for further psychological treatment or a determination that she is permanently and totally disabled. The issue presented is whether she has shown that her condition has changed since the last determination order, particularly in respect to her asserted amenability to psychological treatment. *Dinnocenzo v. SAIF,* 18 Or App 63, 67-8, 523 P2d 1280 (1974).

Two expert witnesses presented evidence by report. Claimant relies upon the report of Dr. Norman Hickman, a clinical psychologist, who concluded that psychological counseling might be helpful to the claimant, although the prognosis for improvement was

not optimistic. Dr. Hickman did not assert that there was a change in the claimant's condition since the last determination order. Rather he argued that the closure was premature.

The other report is that of Dr. John Misko, a neurosurgeon, who concluded that claimant's physical and psychological condition was the same as had been reported in the earlier proceedings by himself and a group of orthopedic consultants.

Upon review of the record de novo, we conclude that the report of Dr. Hickman is insufficient to show a change in the claimant's condition which would support a reopening. The substance of his report would have been relevant in the earlier proceedings to determine stability of condition and extent of disability, but it does not substantiate a claim of change of condition. Dr. Misko's report confirms this assessment. Therefore we agree with the Workers' Compensation Board that the request to reopen the claim must be denied.

Affirmed.