Argued January 24, affirmed as modified April 3, 1978

OWEN, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE
FUND et al, *Respondents.*
(A-7708-12205, CA 9275)
576 P2d 821

Noreen K. Saltveit, Portland, argued the cause for appellant. With her on the brief was Merten & Saltveit, Portland.

William Stockton, Associate Counsel, Portland, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel and James A. Blevins, Chief Trial Counsel, Portland.

Scott M. Kelley, Portland, argued the cause for respondent Casey Brothers, Inc. With him on the brief was Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Claimant appeals an award by the Workers' Compensation Board of 50 percent of unscheduled permanent partial disability. The referee had determined that he was permanently and totally disabled.[1]

Claimant, now 59, has been a steadily employed carpenter since dropping out of high school as a youth. He suffered a compensable back injury in 1972. Since then he has worked when possible, some incidents on the job have caused additional back pain, and his incapacity has increased. By the time of the hearing, he was unable to tolerate lifting and bending and pain was caused by walking, driving and sleeping. In short, his complaints are typical of persons with seriously injured backs. He is physically incapable of engaging in carpentry, whether as a primary worker or as a supervisor. He has diligently but unsuccessfully sought employment in light carpentry.

All physicians agree that claimant is not a complainer, his symptoms are real and he is unable to return to any work involving lifting or other physical effort. His back condition is a combination of back strain and compression fracture, compounded by arthritic conditions. His treating physician concludes that he is incapable of performing any regular employment. A group of orthopedic consultants conclude that his loss of function is mild and set the degree of impairment at 20 percent. Another consulting orthopedist disagrees, placing loss of function at 80 to 90 percent.

■ As fact finders on de novo review, we agree with the Board that the claimant's disability is not complete and we disagree with the referee's finding that the claimant's educational deficit is sufficient to bring

---

[1] At the administrative level, this claim was appealed together with an award of 22.5 degrees for 15 percent loss of use of the left leg from an injury in 1974. The appeal of that claim is apparently abandoned in favor of the claim of permanent total disability in relation to the back injury. We therefore do not disturb the award from the leg injury.

him into the odd-lot category. The issue is the degree of disability.

■ A determination of the degree of partial incapacity or loss of earning power cannot be made with mathematical precision. A fact finder can do no better than to intelligently identify a range and arbitrarily choose a number within that range which seems to be consistent with that assigned to other similar injuries. There is a necessarily subjective element of experience-based intuition and exact consistency is not attainable.

■ Where the issue calls for a determination of the degree of disability rather than a choice between total and partial disability, we have generally deferred to the Workers' Compensation Board fixation of a numerical value to the injury. *Russell v. SAIF,* 33 Or App 153, 576 P2d 376 (1978). Our practice has its origins in the declaration by the Supreme Court of its entitlement to "take into account" administrative expertise. *Romero v. Compensation Department,* 250 Or 368, 372, 440 P2d 866 (1968). Thus, we defer for good reason, but our deference is not automatic or uncritical, for that would be an abdication of our responsibility to review de novo. Where the degree fixed by the Board is not within a range which we deem appropriate under the facts of the case, then our duty to review de novo requires us to make a determination within the range which we believe to be justified. This is so because our deference is an act of independent critical judgment, not of judicial rubber stamping. We adhere to that policy because it balances the presumed ability of the Workers' Compensation Board to make imprecise determinations with a fair degree of expertise and consistency, and our judicial responsibility as independent fact finders.

■ Here, we find that the claimant is injured to such a degree that his ability to engage in remunerative employment is injured by significantly more than 50 percent as fixed by the Board. We find his disability to

be almost entire. We therefore modify the order of the Workers' Compensation Board to reflect 85 percent of unscheduled permanent total disability.

Affirmed as modified.