Argued March 22, affirmed as modified May 8, 1978

HAWKINS, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 76-3705, CA 9390)
577 P2d 1358

Keith E. Tichenor, Portland, argued the cause for petitioner. On the brief were Jan Thomas Baisch and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

William H. Stockton, Associate Counsel, State Accident Insurance Fund, Portland, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem, and Clayton Hess, Associate Counsel, Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this worker's compensation case the sole issue is the extent of claimant's injury to his feet. The referee awarded claimant 40 percent permanent partial disability for injury to his right foot and 80 percent permanent partial disability for injury to his left foot. The Board reduced the referee's award to 10 percent and 35 percent respectively.

■ We are here dealing with scheduled disabilities, and the sole basis for determining the extent of such disabilities is loss of physical function. *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971); *Ferguson v. Wohl Shoe Co.,* 11 Or App 407, 502 P2d 1392, *rev den* (1972). The deference we "tend" to give to administrative expertise, which means the decision of the Workers' Compensation Board, on the issue of the extent of disability, *see Russell v. SAIF,* 33 Or App 153, 576 P2d 376 (1978), and cases cited therein, applies to both scheduled and unscheduled disability. However, "tend to defer" does not mean automatically follow. When we are satisfied that the preponderance of the evidence points to a result different than that reached by the Board on the question of the extent of disability, we do not defer. *See Owen v. SAIF,* 33 Or App 385, 576 P2d 821 (1978).

■ As we view the medical evidence, the injury to the claimant's right foot did not result in a significant loss of function, and we agree with the Board that a finding of 10 percent permanent partial disability in that foot is appropriate. We disagree with the Board as to the degree of loss of function in the left foot. As we view the medical evidence, it overwhelmingly demonstrates that claimant had a severe injury to that foot and a very substantial residual permanent disability. As to the left foot, we find the referee's determination of 80 percent permanent partial disability is appropriate.

Affirmed as modified.