On appellant's petition for reconsideration filed April 4, petition allowed; former opinion modified; affirmed May 8, 1978
See also 33 Or App 179, 575 P2d 1013

DANIEL, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Respondent.*

(No. A-7707-09788, CA 9143)

577 P2d 944

R. Kenney Roberts and Jones, Lang, Klein, Wolf & Smith, Portland, for petition.

No appearance contra.

TANZER, J.

**TANZER, J.**

Claimant, in her petition for reconsideration, Rule 10.10, Rules of Procedure of this court, points out that in our initial opinion, 33 Or App 179, 575 P2d 1013 (1978), we erroneously stated the procedural posture of this case in a way which affects the manner of decision on the merits. Therefore we allow the petition.

This is an appeal from an order of the circuit court affirming the latest order of the Workers' Compensation Board, dated June 30, 1977, affirming the administrative closure of the claim and increasing the award to 32 degrees or 10 percent of permanent total unscheduled disability.

■ Claimant first argues that her claim was prematurely closed. As in our initial opinion, we do not deem Dr. Hickman's psychological report to be sufficiently persuasive as to defer closure. The preponderance of the evidence indicates that her condition is stationary.

■ The next matter is to determine de novo the extent of disability. The evidence is as summarized in our initial opinion. The Fund argues first that claimant's psychological condition is not causally related to the injury. Claimant's solid work record prior to the injury and unsuccessful attempt to return to work afterwards persuades us that whatever degree of functional overlay she suffers is at least partially caused by the injury.

■ Claimant next argues that if her claim is closed, she should be deemed permanently totally disabled under the so-called "odd lot doctrine." *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973). Her physical injury is minimal and, taking all the expert evidence into consideration, the extent of pathological psychological impairment is not great. *See, Wilson v. Weyerhaeuser,* 30 Or App 403, 411-12, 567 P2d 567 (1977). We do not find the claimant to be permanently totally disabled.

Where the disability is less than total, we tend to defer to the Board's determination of the specific

degree of disability. *Owen v. SAIF,* 33 Or App 385, 576 P2d 821 (1978). We therefore adopt the Board's award of 32 degrees disability.

Petition for reconsideration allowed; former opinion modified; affirmed.