Argued and submitted September 12,
affirmed December 24, 1979

# AUDAS,
*Petitioner,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 78-1864, SAIF No. DC 334147, CA 13577)

604 P2d 428

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Associate Counsel of Attorneys for SAIF, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, SAIF, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Claimant appeals a Board order which reversed the referee's finding of permanent and total disability and reinstated an award of permanent partial disability. The sole issue on appeal is the extent of disability.

Claimant, a 55 year-old roofer, sustained a compensable injury in January, 1967. He received an award of 70 percent unscheduled disability for injuries to his left shoulder and 50 percent loss of function of the left arm. *Audas v. Galaxie*, 2 Or App 520, 467 P2d 654 (1970). On October 18, 1971, he sustained an injury to his right shoulder and arm. He was awarded 40 percent for the loss of use of his right arm and 30 percent unscheduled disability of his right shoulder.

Since that last award the claim has been reopened twice. By a Determination Order of January 7, 1977, the claim was closed without an award of either permanent partial disability or temporary total disability. Claimant subsequently underwent an ulnar nerve transplant on his right elbow. On February 21, 1978, a further Determination Order awarded no additional compensation for permanent partial disability in excess of that previously granted but did award time loss benefits to cover the surgery on the right arm.

Claimant appealed from that third Determination Order on the extent of disability. The referee found him to be permanently and totally disabled. The Board reversed, finding that the medical evidence did not justify an award for permanent and total disability and that claimant had not diligently sought employment.

"Permanent total disability" is defined as:

"(1)(a) *** the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the

worker has the ability and the training or experience to perform, or an occupation which he is able to perform after rehabilitation.

"* * * * *

"(3) The worker has the burden of proving permanent total disability status and must establish that he is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment.

"* * * * *." ORS 656.206.

The record indicates that claimant has worked very little since 1967, although he has received extensive training in various fields for a considerable period of time. He has taken courses such as construction estimating and architectural drafting. He has also received training from the Division of Vocational Rehabilitation and has passed his high school GED. He has not, however, applied that training to obtain employment.

It is clear that claimant would prefer to return to his job as a roofer. He showed a great deal of motivation in returning to that job after his 1967 injury. Since that two week stint prior to his 1971 injury and a few instances subsequent to that, however, he has not established that he "is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment." ORS 656.206(3).

Claimant worked as a building inspector for about three months following training from DVR. He was unable to pass the civil service examination and was terminated. The evidence indicates that claimant has difficulty in adjusting to new situations or accepting instructions as to how a job should be performed. He lacks a willingness to adjust to the opportunities within his present abilities and training. That unwillingness to apply his skills and training to a job reasonably within his present abilities does not render him permanently and totally disabled. *Potterf v. SAIF*, 41 Or App 755, 598 P2d 1290, *rev den* (1979); *Briggs v. SAIF*, 36 Or App 709, 585 P2d 719 (1978).

We agree with the Board that the medical evidence does not justify an award for permanent total disability. There is nothing in the record to suggest that claimant has sustained any additional disability, either temporary or permanent, in excess of that for which he has previously been given awards totalling 100 percent for unscheduled left and right shoulder disability, 50 percent loss of use of his left arm and 40 percent loss of the right arm.

The ulnar nerve transplant did not aggravate claimant's injury to permanent and total status. Dr. Berg's medical examination of claimant on May 2, 1978, the most recent on record, concluded that while the nerve transplant should be considered in increasing claimant's disability rating (as was done by the February 21, 1978, Determination Order), claimant's condition has essentially stabilized. He did not find permanent and total disability. Dr. Berg concluded:

"At the present time, this man has no plans for future employment. He would have to find work of a rather restricted character on account of his disability in both shoulders and other organic problems. This man has already received substantial disability rating for his left arm and has already received a disability rating for the right arm and shoulder. However, the ulnar neuropathy and the nerve transplant would have to be taken into consideration in increasing this award.

"I do not think that any form of treatment would be of any value to this man. Perhaps he can find some type of light non-strenuous work, which the Job Placement might assist him in obtaining. I think that this case may be considered to be essentially stationary. On the basis of the possibility in his right arm and shoulder, I think that he should have an increase over the previous award of or in the range of Mildly Moderate. Insofar as his low back problems are concerned, I think that on the basis of his strain and his continued subjective complaints, that he is entitled to a permanent partial disability in the range of Mild, due to this injury."

[817]

Claimant failed to carry his burden of proving permanent total disability status.

Affirmed.