Argued and submitted March 25, reversed and remanded April 27, 1981

In the Matter of the Compensation
of Gavin L. Smith, Claimant.

SMITH,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-3191, CA 19315)

627 P2d 495

Robert W. Muir, Albany, argued the cause for petitioner. With him on the brief was Emmons, Kyle, Kropp & Kryger, P.C., Albany.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals the award of permanent partial disability resulting from an industrial accident in March, 1977. The Board reduced to 50 percent the referee's award of 70 percent permanent partial disability. Claimant seeks an award of permanent total disability.

Claimant is a 56 year old man with an eighth-grade education and a GED. He was a logger for ten years and felled timber until he suffered a back injury in 1958, requiring a spinal fusion. Thereafter he operated logging equipment in the woods. After 1968, claimant worked as a mechanic, a job for which he had no formal training. In March, 1977, while relining truck brakes, claimant again injured his back attempting to lift a wheel dolly weighing more than 85 pounds over an air hose. Despite chronic low back strain, claimant returned to work doing light lubrication work with the same employer. In May, 1978, claimant's condition worsened, and he stopped working. At that time, the employer had no lighter work available.

The treating physician reported in June, 1978, that claimant's physical limitations included

"no bending, stooping, lifting over 29-30 pounds. Repetitive lifting or twisting should not be done and the patient should not be limited to either full-time sitting or standing, walking work, but should have the opportunity to mix these positions."

Claimant's back problem was compounded by cervical degenerative arthritis, which the treating physician related to the industrial injury. In 1979, a neurologist reported that claimant would

"not be able to return to his regular employment or any other job that required bending, twisting, lifting or prolonged standing or sitting."

At the hearing claimant testified to his many physical limitations in attempting to do tasks around the house.

In 1979, a vocational consulting firm attempted to negotiate employment for claimant tailored to his physical limitations but ceased its efforts because claimant expressed doubt that he could pursue full-time light work due to his mobility problems at home. Claimant testified he

read newspaper ads for jobs but never applied for them. He visited the state employment office only once, two weeks before the hearing. We find that claimant has not complied with ORS 656.206(3) by making reasonable efforts to obtain employment. His motivation and his attempts at vocational rehabilitation do not meet the statutory requirement. *Audas v. SAIF,* 43 Or App 813, 816, 604 P2d 428 (1979); *Potterf v. SAIF,* 41 Or App 755, 757, 761, 598 P2d 1290, *rev den* 288 Or 81 (1979). We agree with the referee and the Board that claimant is not entitled to permanent total disability.

■     The remaining issue is the extent of permanent partial disability, measured by the loss of earning capacity due to the compensable injury. ORS 656.214(5) provides in relevant part:

"Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, training, skills and work experience."

While we generally defer to the Board's presumed expertise in assessing the extent of disability, we do so on de novo review as an exercise of our "independent critical judgment." *Owens v. SAIF,* 33 Or App 385, 388, 576 P2d 821 (1978). As we noted in *Owens,*

"[w]here the degree fixed by the Board is not within a range which we deem appropriate under the facts of the case, then our duty to review de novo requires us to make a determination within the range which we believe to be justified." 33 Or App at 388.

■     Here, taking into account claimant's age, education, training, skills and work exposure, we find that he is entitled to an award of 70 percent unscheduled permanent partial disability.

Reversed and remanded.