Argued February 27, affirmed April 2, 1973

BRECHT, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 72 2507),
*Respondent.*

508 P2d 232

*Thomas E. Wurtz,* Springfield, argued the cause
for appellant. With him on the brief were Moore,
Wurtz & Logan, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is a workmen's compensation case in which the claimant seeks an increase in his award of permanent partial disability of his right arm.

In January 1970 the claimant, who worked as a "grade oiler" in heavy construction, sustained an injury to his right elbow as a result of a fall. He had numerous consultations with physicians concerning complaints of pain in his neck, right arm, right side, right leg, and low back. Claimant was enrolled at the Physical Rehabilitation Center from June 30, 1971 to July 21, 1971. Only minimal physical disability in the form of mild loss of function of the elbow was observed. On psychological evaluation, moderately severe psychopathology was found. The Center experts concluded the industrial accident was responsible for a moderate degree of this. SAIF offered the claimant the services of Dr. Alan F. Scott, a psychiatrist, in letters dated September 7 and September 14, 1971. The claimant refused the offer in letters dated September 9 and September 23, 1971, stating that he was not in need of psychotherapy. It appears that he consulted with Dr. W. A. Brooksby, psychiatrist, on September 15, 1971, who provided him with a written diagnosis dated September 15, 1971 similar to those he had already received from other doctors. He did not tell SAIF about this at the time, but apparently

turned it over to the Social Security Administration, with which he was pursuing a claim. His attorney found the report in that file after the hearing, discussed infra.

On October 1, 1971 the Closing and Evaluation Division of the Workmen's Compensation Board entered an order awarding the claimant 29 degrees for permanent partial disability of his right arm. The claimant requested a hearing, asking for additional medical treatment and an increased award. The hearing officer rejected the claim for further treatment because claimant had not established that there was a compensable injury to anything other than his elbow. The hearing officer did order that the award for permanent partial disability of the right arm be increased from 29 degrees to 96 degrees. This was based on the conclusion that the evidence showed the claimant to be suffering from a psychopathology which was partially attributable to the industrial injury:

"* * * [T]he Center [Physical Rehabilitation Center] Discharge Committee found claimant eligible for vocational rehabilitation on the basis of psychological factors directly related to the accident in question, specifically claimant's fear of climbing and falling. It appears claimant will be unable to return to any job which requires climbing, and the range of employments open to him has been narrowed by the accident to such extent * * *."

This was inconsistent with other findings that (1) expert opinion showed the psychopathology would not be permanent if the claimant was satisfactorily reemployed; (2) claimant lacks the motivation and desire to return to any type of gainful employment; and (3) the claimant refused to accept the psychotherapy treatment offered him by SAIF.

SAIF appealed, and claimant then requested that the Board consider the report from Dr. Brooksby which until then was not known to SAIF. The Board refused to consider the report, and reversed the hearing officer's determination, reinstating the original disability award.

■ ■ Claimant appealed, arguing that the Board's conclusion regarding the compensability of the psychopathology was contrary to the weight of the evidence, and also "* * * contrary to law in that the additional medical report from Dr. W. A. Brooksby * * * ought to have been considered by the Board in making its determination." The circuit court ruled that the additional medical report was "* * * obtainable with diligence by the claimant * * *" prior to the original hearings, and that therefore the court would not consider it. This conclusion was correct, because the dates of the offers and rejections of psychotherapy and claimant's visit to Dr. Brooksby make it clear that not only was the report "obtainable" at the time of the hearing, but also its existence was within claimant's immediate knowledge.① See ORS 656.298(6); 656.301 (1). The court concluded that the claimant's refusal to accept the psychiatric services offered by SAIF for treatment of what the psychiatrists called "Hysterical conversion" precluded a determination that additional partial disability resulted from the psychological malady. On the basis of this conclusion, the court affirmed the decision of the Board.

---

① We note that on August 19, 1971 a progress statement in the case summary, which is in the record, states: "* * * He [claimant] said that he has an attorney although he would not say who * * *." Hence, we assume that he had access to legal counsel in September 1971 when he was refusing psychotherapy and obtained independent psychiatric evaluation which he did not then reveal to SAIF.

We agree with the trial court. With reference to claimant's request for a remand, "* * * some compelling basis should exist for remanding, e.g., as to clear up an inconsistency or void in the record * * *." *Tanner v. P & C Tool Co.,* 9 Or App 463, 467, 497 P2d 1230 (1972). No such compelling basis exists here. The report from Dr. Brooksby, which has been tendered by inclusion in claimant's brief, is simply similar to others in the record. Further, it does not indicate that claimant would accept psychotherapy.

The refusal of a claimant to avail himself of services which might restore him to the physical ability to work has been held a sufficient basis for denying "permanent" disability status to a claim. *Wilson v. Gilchrist Timber Co.,* 6 Or App 104, 487 P2d 104 (1971).

Affirmed.