Argued February 24, reversed and remanded May 8, 1978

# CLEMONS, *Petitioner,*
## *v.*
# ROSEBURG LUMBER COMPANY, *Respondent.*
## (No. 76-6710, CA 9411)

578 P2d 429

Michael Strooband, Eugene, argued the cause for petitioner. On the brief were Jerome F. Bischoff and Doblie, Bischoff and Murray, Eugene.

Philip A. Mongrain, Beaverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

The issue in this worker's compensation case is whether claimant's permanent disability award may be reduced because of her refusal to submit to a surgical procedure which might improve her physical condition.

In 1971, claimant sustained an on-the-job injury to her right shoulder and arm. She continued working for approximately one year before terminating her employment for nonmedical reasons. In 1975, she returned to the same job and, thereafter, she aggravated her prior injury. Claimant received temporary total disability until October, 1976, when her employer's carrier advised her that, because of her refusal to submit to surgery, it had requested that the Workers' Compensation Board authorize suspension of her benefits. A determination order dated November 3, 1976, terminated claimant's temporary total disability payments as of October 7, 1976, and awarded an amount equal to ten percent unscheduled permanent partial disability.

After a hearing, the determination order was affirmed. In his opinion and order the referee concluded:

"* * * [Claimant's] disability at this time obviously exceeds 10%, but * * * the employer cannot be penalized for the employee's refusal to mitigate her injury, by accepting reasonable medical treatment. Accordingly, there is no alternative but to leave the award undisturbed."

The Workers' Compensation Board adopted the order and opinion of the referee and affirmed the compensation award. Claimant appeals.

There are two threads running through our cases dealing with the effect upon compensation of unreasonable refusal to submit to medical treatment which might promote recovery and expedite reintegration into the labor market: one relating to proof and the other to restoration. The first emphasizes the

[ 137 ]

burden upon the worker to prove the extent of disability. Refusal of a diagnostic procedure such as a myelogram is regarded as a weakness in the claimant's proof. *Finley v. SAIF,* 34 Or App 129, 578 P2d 432 (1978); *Suell v. SAIF,* 22 Or App 201, 538 P2d 84 (1975). The other line of cases treats refusal of available treatment as a negative factor in determining extent of compensable incapacity. *Waldroup v. J. C. Penney Co.,* 30 Or App 443, 449, 567 P2d 576 (1977); *Brecht v. SAIF,* 12 Or App 615, 508 P2d 232 (1973); *Wilson v. Gilchrist Timber Co.,* 6 Or App 104, 487 P2d 104 (1971).

■■ The rationale for the reduction of benefits when treatment is unreasonably refused is that an employer should not be responsible for the full extent of a claimant's permanent disability if there is a significant likelihood that such disability is partly attributable to the claimant's unreasonable rejection of appropriate treatment. The cases reflect the corollary objectives of the Workers' Compensation Act to favor restoration of the worker over compensation for permanent loss[1] and to relieve the employer of financial liability for the voluntary tolerance by the worker of avoidable incapacity. Under such circumstances, a claimant may not be compelled to undergo treatment, but neither should he be compensated for the consequences of his refusal.[2]

---

[1] "One purpose of this chapter is to restore the injured worker as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied worker. * * *" ORS 656.268(1).

[2] There is no specific statutory basis for the holdings. The cases refer to ORS 656.325 relating to suspension of temporary total disability benefits. ORS 656.325(2) provides:

"For any period of time during which any worker commits insanitary or injurious practices which tend to either imperil or retard his recovery, or refuses to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, his right to compensation shall be suspended with the consent of the director and no payment shall be made for such period. The period during which

■ The test for determining whether a permanent disability award should be adjusted because of the claimant's refusal to submit to recommended treatment is whether the refusal is reasonable. 1 Larson, Workmen's Compensation Law, § 13.22 at 3-398 (1978). Reasonableness is a question of fact. *See, Grant v. State Industrial Acc. Com.,* 102 Or 26, 46, 201 P 438 (1921). The relevant inquiry is whether, if compensation were not an issue, an ordinarily prudent and reasonable person would submit to the recommended treatment. Such a determination must be based upon all relevant factors, including the worker's present physical and psychological condition, the degree of pain accompanying and following his treatment, the risks posed by the treatment and the likelihood that it would significantly reduce the worker's disability. *Grant v. State Industrial Acc. Com.,* 102 Or at 45; *see* 1 Larson, Workmen's Compensation Law, *supra.*

■ Reasonableness must take into account the worker's perspective; it may not be based upon medical opinion alone. As Larson notes, there may be a significant difference between the detached analysis

such worker would otherwise be entitled to compensation may be reduced with the consent of the director to such an extent as his disability has been increased by such refusal."

Subsequent to the events of this case, the legislature, by enactment of Oregon Laws 1977, chapter 868, section 4, amended ORS 656.325, adding the following provision:

"(4) When the employer of an injured worker, or the employer's insurer determines that the injured worker has failed to follow medical advice from his treating physician or has failed to participate in or complete physical restoration or vocational rehabilitation programs prescribed for the worker pursuant to ORS 656.001 to 656.794, the employer or insurer may petition the director for reduction of any benefits awarded the worker. Notwithstanding any other provision of ORS 656.001 to 656.794, if the director finds that the worker has failed to accept treatment as provided in this subsection, the director may reduce any benefits awarded the worker by such amount as the director considers appropriate."

This provision is inapplicable to the case at bar and we do not decide whether this addition to the statute changed the principles set forth herein or merely codified existing law.

of an experienced surgeon and the appraisal of a worker who must actually undergo the treatment with its attendant risks.

> "* * * The surgeon who sees several operations every day and who testifies that the chance of fatality is only five percent naturally has a different point of view than the claimant who has never had a major operation and might quite understandably prefer to enjoy life as best he can with his injury rather than take a one-in-twenty chance of being dead. * * *" (Footnote omitted.) 1 Larson, Workmen's Compensation Law, § 13.22 at 3-422-23 (1978).

■ In this case, claimant's permanent disability award was reduced because she refused to undergo a right transaxillary rib resection. This is a relatively painful surgical procedure which requires general anesthesia.

The physician who first diagnosed claimant's condition as Thoracic Outlet Syndrome characterized it as "mild" and concluded that it was "certainly not significant enough * * * to recommend a surgical approach to her problem." Although other physicians subsequently concluded that surgery would restore greater use of claimant's shoulder and arm, they foresaw only a possibility that this would permit her to return to her former type of work. Moreover, a psychiatrist who examined the claimant concluded that she suffered from anxiety neurosis which minimized the chances for successful surgery.

Under these circumstances, it was reasonable for claimant to forego the risks and pain of major surgery and to attempt, instead, to treat her injury with therapy and to learn new skills with which to earn her livelihood. Accordingly, we find that claimant's benefits should not be reduced due to her refusal of recommended treatment.

The Workers' Compensation Board did not base its permanent disability award on the actual extent of claimant's injury, nor does its order indicate what award it would have made had it done so. Accordingly,

this case is remanded to the Board for recalculation of claimant's permanent disability award in a manner consistent with this opinion. *Ryf v. Hoffman Construction Co.,* 254 Or 624, 459 P2d 991 (1969); *Russell v. SAIF,* 33 Or App 153, 576 P2d 376 (1978).

Reversed and remanded.