FINLEY, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*
(No. 76-6243, CA 9386)
578 P2d 432

Lawrence J. Hall, Associate Counsel, Portland, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Portland.

Gregory L. Decker, Albany, argued the cause for respondent. On the brief were Richard T. Kropp and Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

The Workers' Compensation Board awarded claimant permanent total disability as a result of a compensable back injury.[1] The State Accident Insurance Fund seeks review contending that the award should be reduced because claimant has refused to submit to a myelogram and a possible laminectomy. *See, Clemons v. Roseburg Lumber Co.,* 34 Or App 135, 578 P2d 429 (1978).

At the time of his injury, claimant was 52 years old and was employed as a maintenance man. His employment history is exclusively in unskilled or semi-skilled jobs. In 1969, claimant injured his back and underwent a myelogram and laminectomy. Although the surgery provided temporary relief, back pain eventually returned and was aggravated by claimant's continued effort to work.

Claimant reinjured his back in 1975 and this claim is based thereon. Absent medical treatment, his resulting disability is clearly total and permanent.

In *Clemons,* we recognized that a claimant's permanent disability award may be reduced because of his or her unreasonable refusal to submit to medical treatment which might reduce the extent of compensable incapacity. This case differs from *Clemons* as it involves a claimant's refusal to submit initially to a diagnostic procedure to determine the feasibility of curative or rehabilitative treatment rather than a refusal of the treatment itself.

Claimant's refusal of a diagnostic test (a myelogram) has limited the medical evidence which is available regarding the extent and duration of his disability. Because claimant has the burden of proof on that issue, *Wilson v. Weyerhaeuser,* 30 Or App 403,

---

[1] The determination order awarded claimant 25 percent unscheduled permanent disability. The referee found that claimant was totally disabled but awarded only 50 percent unscheduled permanent disability based upon claimant's refusal of medical treatment.

567 P2d 567 (1977), his failure to provide evidence which is reasonably available to him must be regarded as a weakness in his proof. *See, Suell v. SAIF,* 22 Or App 201, 538 P2d 84 (1975). The question in each such case, then, must be whether the diagnostic evidence is reasonably available or, stated otherwise, whether the refusal to undergo a diagnostic procedure is reasonable.

Extreme cases can be imagined in which reasonableness or unreasonableness of a refusal of a diagnostic procedure is determinable as a matter of law. For example, refusal of exploratory surgery to investigate a minor disorder would be reasonable as a matter of law because the pain, risk and inconvenience clearly outweigh the possible beneficial result. On the other hand, if a worker who claims impairment of eyesight refuses to attempt to read an eye chart, that refusal would be unreasonable as a matter of law because the pain, risk and inconvenience of the eye examination are insignificant.

This case, as most we may anticipate reviewing, presents neither extreme. Therefore, we must weigh the factors of pain, risk and inconvenience against the potential benefit and make a finding under the particular facts of the case.

Claimant testified that his first myelogram was extremely painful and he did not wish to endure such pain again to no avail. Furthermore, the benefit is mixed. At best, the myelogram would tell whether claimant is a good candidate for a laminectomy. Claimant testified that his condition was not improved by his first laminectomy,[2] that several members of his family had undergone back surgery without realizing relief, that he did not want to again endure the pain and suffering caused by surgery, and that, given his age and history of back problems, he did not believe

---

[2] Claimant's physician reported that the laminectomy was not entirely successful, but we cannot tell whether he was reporting claimant's complaints or his own objective conclusion.

that his employment prospects would be appreciably brightened even after a successful laminectomy.

Under these circumstances, a more determined worker might well decide to undergo a diagnostic procedure in hopes of benefiting from restorative surgery, but we cannot find that the refusal to do so is unreasonable. Therefore, claimant's proof that he is permanently and totally disabled will not be discounted due to his refusal to submit to a myelogram.

Affirmed.