Argued April 26, affirmed May 30, reconsideration denied June 14, petition for review denied September 26, 1978

BLAIR, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. WCB 76-1916, SAIF WD 39553, CA 9745)

579 P2d 303

Steven Yates, Eugene, argued the cause for petitioner. On the brief was Evohl F. Malagon, Eugene.

Brian Pocock, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

This is an appeal by claimant from the Workers' Compensation Board order which provides as follows:

"Claimant seeks Board review of the Referee's order which dismissed his claim and ordered that all further compensation be suspended until claimant consents to further psychiatric examination. Claimant has contended that the Fund unreasonably resisted the payment of compensation (ORS 656.262(8)) and also that there was a de facto denial in the payment of compensation. The Referee found that the medical evidence, which was equivocal and conflicting would not support a finding that requiring a further psychiatric examination would be unreasonable nor was there any medical evidence that further psychiatric examination would be harmful to claimant, therefore, claimant's refusal to submit to a psychiatric examination required that compensation be suspended pursuant to ORS 656.325 until claimant consents to such examination.

"The Board, after de novo review, affirms and adopts the conclusion reached by the Referee in his Opinion and Order * * *.

"The Fund, under the provisions of ORS 656.325, has the right to require examination of the worker as long as such is not unreasonable and refusal by the worker to recognize that right and cooperate in submitting to such examinations by the worker is sufficient grounds to terminate his Workers' Compensation benefits, nevertheless, *this claim was handled very poorly by the Fund and in the future such handling of claims of this nature will not be countenanced. It appears from the record that the treatment of claimant was ignored. Payment of compensation and strategy became the criteria for judgment rather than the treatment of the claimant. However, aside from this, the main issue remains that of whether or not the Fund's requirement for another psychiatric examination of claimant was totally unreasonable and the Board must agree with the Referee's conclusion that it was not.*" (Emphasis supplied.)

The italicized portion of the Board's order impliedly supports claimant's contention on appeal that the

State Accident Insurance Fund (the Fund) had unreasonably resisted the payment of compensation in violation of ORS 656.262(8).[1] However, the record indicates otherwise. Defendant suffered an industrial injury to his back and hand on August 14, 1974. After approximately two years of treatment, the orthopedists concluded that claimant suffered no significant physical handicap that would preclude him from light work, but rather that his primary problem was psychological. He was then separately examined by two psychiatrists whose opinions were in conflict as to the relationship between the accident and claimant's psychological problem. The Fund then requested that claimant consult another psychiatrist located in Portland. Claimant refused. After consulting with the Board and affording claimant ample notice, the Fund terminated benefits until claimant agreed to consent to further psychiatric examination. Claimant persisted in the refusal to consult with an additional psychiatrist on the advice of counsel.

In view of the conflict between the first two psychiatrists, it was reasonable for the Fund to request the third examination. Likewise, we do not think the fact that claimant had to travel from Eugene to Portland imposed an unreasonable hardship on him. Our review of the record indicates that the Fund acted reasonably and that claimant's refusal to comply with the request constituted grounds to terminate further compensation under ORS 656.325.[2] *Compare Finley v. SAIF,* 34 Or App 129, 578 P2d 432 (1978).

Affirmed.

[1] ORS 656.262(8) provides:

"If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

[2] ORS 656.325(1) provides:

"Any worker entitled to receive compensation under ORS 656.001 to 656.794 is required, if requested by the director, State Accident

Insurance Fund or a direct responsibility employer, to submit himself for medical examination at a time and from time to time at a place reasonably convenient for the worker and as may be provided by the rules of the director. If the worker refuses to submit to any such examination, or obstructs the same, his rights to compensation shall be suspended with the consent of the director until the examination has taken place, and no compensation shall be payable during or for account of such period."