Argued and submitted October 22, affirmed as modified November 24, 1980

## In the Matter of the Compensation of Mary L. Wilke, Claimant.

## WILKE,
### *Petitioner,*

v.

## STATE ACCIDENT INSURANCE FUND,
### *Respondent.*

### (WCB No. 78-4115, CA 17576)

619 P2d 950

Rolf Olson, Salem, argued the cause for petitioner. With him on the brief was Olson, Hittle, Gardner & Evans, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. On the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

The only question presented in this Workers' Compensation case is the appropriate date for the commencement of claimant's permanent total disability benefits. The referee and the Workers' Compensation Board (Board) found that the benefits should commence on the date of the referee's order. Claimant appeals, contending that the benefits should begin as of the date that she was found to be medically stationary by her treating physician. We find that the date on which claimant became permanently and totally disabled is a matter for proof and that neither the date chosen by the Board nor that suggested by claimant is the correct date in this case.

It is necessary to set out the sequence of events in some detail. Claimant received a compensable back injury in June, 1974. The claim was originally closed with an award of temporary total disability for a period of time and with no permanent disability found.

Claimant continued to have pain and attempts to return to work were unsuccessful. She eventually had back surgery and her claim was reopened. On February 28, 1978, her treating physician expressed the opinion that claimant was medically stationary and that she would never be able to return to regular work. A second determination order was issued awarding claimant temporary total disability through February 28, 1978 and 20 percent unscheduled permanent disability for her back injury.

Claimant had continued back pain and significant psychological problems. She was examined by a psychologist who diagnosed severe psychopathology. In his evaluation dated October 31, 1978, he reported that claimant was in need of psychotherapy, but found it doubtful that it would enable her to return to work. He found her psychological problems significantly and materially related to her back injury.

Claimant requested a hearing on the extent of disability and it was held on January 24, 1979. SAIF requested that the record be held open for submission of a report by Dr. Painter, a psychologist who was to examine claimant for the insurer. That report was received by the hearings officer on February 14, 1979.

In a January 29, 1979, office note claimant's treating physician indicated that a developing problem with claimant's left arm might be causally related to her back injury. SAIF requested that no determination of permanent disability be made until the left arm condition was adjudged medically stationary. Claimant protested the delay, claiming that she was not relying on her arm condition in seeking to be found permanently and totally disabled. The referee ordered that the record remain open but required that SAIF pay temporary disability benefits until the left arm condition was determined to be medically stationary.

A third determination order was issued on August 1, 1979, ordering payment of temporary total disability benefits from February 13, 1979 to June 7, 1979, and finding 20 percent loss of use of the left arm.

The hearing was closed on October 3, 1979, and the referee issued his opinion and order on November 5, 1979, finding claimant permanently and totally disabled as of the date of that order. The finding of permanent total disability was based on the combination of claimant's back injury and her related psychopathology.

On review the Board affirmed the referee's order in its entirety. Claimant sought reconsideration of the date of commencement of permanent total disability benefits. In its order on reconsideration the Board stated that it had no reason to change the effective date of the disability award because "It does not find claimant was permanently and totally disabled on February 28, 1978, the date she was found to be medically stationary * * *."

Claimant has the burden of proving that she is permanently and totally disabled. ORS 656.206(3). Part of that burden involves showing at what point in time she was, in fact, so disabled. ORS 656.206(2) provides that:

"(2) When permanent total disability results from injury, the worker shall receive *during the period of that disability* compensation benefits * * *." (Emphasis supplied.)

*See also Silsby v. SAIF,* 39 Or App 555, 592 P2d 1074 (1979). The beginning of that "period of disability" must,

therefore, be determined, as that is the appropriate date for commencement of permanent disability benefits.

It is clear from the order of the referee as well as that of the Board that the finding of permanent total disability was not based on claimant's back injury alone, but was based on the combination of that condition and the psychological problems which followed. Therefore, we find that the Board was correct in rejecting the February 1978 date on which claimant's back condition was found to be medically stationary as the date from which permanent total disability benefits should be paid.

We do not accept, however, SAIF's contention that claimant was not permanently and totally disabled until the referee issued his order making that finding. Claimant must prove that because of her compensable injury she is permanently incapacitated from regularly performing work at a gainful and suitable occupation. ORS 656.206(1)(a). The ability or inability to return to the work force is not a result of the referee's order. It is a condition which exists because of purely physical factors or a combination of physical and other factors which prevent claimant from returning to work.

Here claimant was not permanently and totally disabled as of the date her back condition became medically stationary. It was, rather, the combination of the back injury and claimant's psychological problems which rendered her permanently and totally disabled. The first point at which both of these disabling factors were shown to exist in a stationary condition was the date of Dr. Hickman's report which indicated that claimant's psychopathology was such that she was unable to return to work and that, although she was in need of psychotherapy, it was doubtful that such therapy would enable her to return to work. That report was dated October 31, 1978. Along with the earlier report that claimant's back condition was medically stationary, Dr. Hickman's report established claimant's permanent total disability.[1] Both the Board and the referee relied on those reports.

[1] Dr. Painter who examined claimant for SAIF basically confirmed Dr. Hickman's evaluation of claimant and although the Board and the referee refer to

Although claimant's problem with her left arm developed after October, 1978, it is apparent that neither the Board nor the referee relied upon the arm disability to any significant degree in the findings of permanent total disability. On *de novo* review we find that claimant established her permanent total disability without reference to the condition of her arm. Because it was SAIF and not claimant who requested that the determination of the extent of claimant's disability be delayed until the condition stabilized, we find that the benefits for permanent total disability are payable from October 31, 1978, with credit given for the temporary total disability payments the insurer made after that date.

Affirmed as modified.

---

Dr. Painter's report along with that of Dr. Hickman, we find that Dr. Hickman's uncontradicted report was sufficient basis, along with Dr. Hoda's report on claimant's back, to find permanent total disability.