Argued and submitted November 24, 1980, reversed February 17, 1981

In the Matter of the Compensation of
Archie Gainer, Claimant.
GAINER,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Respondent.*

(No. 79-862, CA 17556)

623 P2d 1093

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Peter O. Hansen, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The only issue in this Workers' Compensation case is whether a permanent disability award may be reduced because of claimant's refusal to submit to recommended surgical procedures which might improve his condition. Both the referee and the Board found that claimant's refusal was reasonable.

Claimant, a 43-year-old truck driver, sustained a compensable low back injury on November 14, 1977. Following an examination, claimant's doctors recommended myelographic studies, a sometimes painful diagnostic test, to be followed probably by a laminectomy. Claimant refused. A Determination Order found claimant's disability to be 35 percent unscheduled permanent disability, but the award was reduced to 10 percent because of claimant's refusal to submit to surgery. After a hearing, the referee found claimant to be disabled to the extent of 45 percent unscheduled permanent disability. The referee specifically found that claimant's refusal to submit to surgery was reasonable, and in reliance on our decision in *Clemons v. Roseburg Lumber Co.,* 34 Or App 135, 578 P2d 429 (1978), did not reduce claimant's award on that account.

On Board review, after finding that claimant's refusal was reasonable, the Board concluded:

"* * * However, the Board finds that claimant's refusal to undergo surgery results in a reduction of his award of unscheduled disability. The Board must assume that if the surgery was done, that it would have been successful and claimant would have returned to the work force. Therefore, the Board concludes that claimant's award of compensation for unscheduled disability must be reduced. The Board grants claimant an award of compensation equal to 112 [degrees] for 35% unscheduled disability for his low back injury. * * *"

Claimant seeks judicial review of the Board's order reducing his award.

We read the Order on Review as reducing an otherwise appropriate award made by the referee by 10 percent because it assumed that claimant would be able to return to the work force if he submitted to surgery. SAIF contends that the Board's modification related only to the extent of

disability without regard to refusal of treatment — that is, it found that claimant failed to prove his disability was more than 35 percent.

Concededly, it was within the authority of the Board to have made such a determination, but clearly it did not do so here. What it did do was contrary to our decision in *Clemons* — it reduced the disability award for claimant's failure to mitigate his injury by undergoing surgery.

We accept the finding of the referee and Board that claimant's refusal was reasonable; SAIF does not contest that fact. Claimant does not contest the extent of disability awarded by the referee (45 percent unscheduled), and because the Board reduced that award to 35 percent, it is reasonable to conclude that the Board accepted the referee's evaluation as the proper award to reduce.

On this record, we treat the issue as one of law on which the Board erred. *Clemons v. Roseburg Lumber Co., supra.*

Reversed.