On claimant's petition for attorney fees filed March 9,
on respondents' motion for clarification of decision
(50 Or App 533, 623 P2d 1118) filed March 12,
remanded with instructions September 8, 1981

## In the Matter of the Compensation of Olive H. Morris, Claimant.

### MORRIS,
*Petitioner,*

*v.*

### DENNY'S RESTAURANT et al,
*Respondents.*

### (WCB No. 78-6247, CA 18174)

633 P2d 827

Robert K. Udziela, Portland, for the petition.

Margaret H. Leek Leiberan, Portland, for the motion. With her on the motion was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Joseph, Chief Judge, and Thornton and Warden, Judges.

WARDEN, J.

Thornton, J., concurring in part; dissenting in part.

## WARDEN, J.

This proceeding involves two separate petitions in the same case, which we have consolidated. In the first claimant moves for an award of an attorney fee of $1600 payable out of the compensation due claimant. She asserts that the same is authorized under ORS.656.386(2).[1] In the second petition, respondents seek clarification as to the effective date of claimant's permanent total disability award.

This was an accepted claim. By a stipulated order approved by the Board, claimant had previously been awarded 50 percent unscheduled permanent partial disability for injury to her low back. Following a Determination Order on July 20, 1978, which failed to increase prior awards for claimant's disability, claimant requested a hearing, and the referee increased claimant's permanent disability to 75 percent, unscheduled. Out of that award, the referee awarded claimant's attorney 25 percent of the benefits, which brought about an award of an attorney fee of $1400, which has been paid.

On appeal to the Board, claimant contending she was permanently and totally disabled, the opinion and order of the referee was affirmed, and claimant's attorney received no fee. On appeal to this Court, we awarded claimant permanent total disability benefits. *Morris v. Denny's,* 50 Or App 533, 623 P2d 1118 (1981).

The allowance of an attorney fee on this award is covered by ORS 656.388(4)[2] and an administrative rule adopted by the Workers' Compensation Board. The rule is OAR 438-47-045, which provides:

---

[1] ORS 656.386(2) provides:

"In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

*See Gainer v. SAIF,* 50 Or App 457, 623 P2d 1093 (1981).

[2] ORS 656.388(4) provides:

"The board shall, after consultation with the Board of Governors of the Oregon State Bar, establish a suggested schedule of fees for attorneys representing a worker under ORS 656.001 to 656.794."

> "(1) If claimant appeals the extent of temporary or permanent disability to the Court of Appeals, an additional fee of 25 percent of any increase awarded by the appellate court shall be approved.
>
> "(2) If a denied claim, also denied by the referee, and the board is appealed to the Court of Appeals and on appeal is reversed and accepted, the court shall allow claimant's attorney a reasonable fee."

ORS 656.388(4) directs the Workers' Compensation Board to "establish a *suggested* schedule of fees for attorneys representing a worker under ORS 656.001 to 656.795." (Emphasis added.) OAR 438-47-005 states:

> "Rules [438-]47-000 through [438-]47-095 apply to the establishment of a *suggested* schedule of fees for attorneys representing workers under ORS Chapter 656." (Emphasis added.)

Hence, the schedule is not mandatory, but merely suggestive, and it does not determine who applies it.

As to OAR 438-47-045 specifically, while the rule could be interpreted as authorizing or directing this court to award attorney fees in a specific amount, we construe it as meaning that, in such a case, the *Board* shall approve an additional fee of 25 percent of any increase awarded by the appellate court. In essence, as we construe rule 438-47-045, it would read:

> "If claimant appeals the extent of temporary or permanent disability to the Court of Appeals, an additional fee of 25 percent of any increase awarded by the appellate court shall be approved by the Board."

Accordingly, we remand this petition to the Board for resolution of the question of attorney fees.

We next consider respondents' petition for clarification of the effective date of claimant's permanent total disability award. In *Wilke v. SAIF,* 49 Or App 427, 619 P2d 950 (1980), we held that the date upon which a claimant is permanently and totally disabled is a matter for proof and that there the injured worker showed such condition as of the date of the psychologist's report which, along with the treating doctor's earlier report on claimant's back, established permanent total disability.[3]

---

[3] *See also Leedy v. Knox,* 34 Or App 911, 581 P2d 530 (1978).

The determination that an injured worker is permanently and totally disabled is a legal conclusion of which medical testimony is only one part. Other factors including psychological disability, age, training, aptitude, adaptability to nonphysical labor, mental capacity, conditions of the labor market and motivation must also be examined. In *Wilke* both medical and psychological elements were involved. A claimant is entitled to offer evidence and testimony as to disability up to and including the time of the hearing to prove the case. It is not until the hearing that all the elements of the case have been considered and claimant's disability is finally determined and adjudged.

■ After reviewing the issue, we now conclude that the rule announced in *Wilke* is the proper rule, namely, that when an award has been modified, the effective date of that modification is the earliest date that claimant's permanent total disability is proved to have existed.

■ Applying the *Wilke* rule in this matter, we find claimant to have established that she was permanently and totally disabled as of October 3, 1979. That is the date of her followup examination at Woodland Park Hospital in the Northwest Pain Center Program. From that examination, the doctor found that there was "definite deterioration in her level of physical functioning." (She had been admitted to the Pain Center Program on April 23, 1979, and discharged on May 11, 1979.) In his report of the followup examination, he expressed "our feeling * * * that further medical or surgical efforts to deal with her problem will not be successful * * * ." A clinical psychologist at the Center concluded after the followup examination that further therapy would not benefit claimant and that she was not a candidate for vocational rehabilitation. The record is devoid of any evidence relevant to determining claimant's disability after October 3, 1979. She was permanently and totally disabled at that date.

Remanded with instructions.

**THORNTON, J.,** concurring in part; dissenting in part.

I concur with the majority's analysis and decision as to the first petition, namely, the issue of the award of attorney fees in this case.

With respect to the second petition, which deals with determining the effective date of permanent and total disability, I disagree.

The entire purpose of our reconsidering this issue and requesting supplemental briefs on this point was to establish an all-inclusive rule for determining the effective date of modifications awarding permanent and total disability. The rule proposed in the majority opinion is acceptable as far as it goes, but it does not go far enough. Moreover, as explained below, the proposed rule is mistakenly applied by the majority in the case at bar. While I agree with the majority that the rule in *Wilke v. SAIF,* 49 Or App 427, 619 P2d 950 (1980) should be adhered to where applicable, this rule does not cover the following fact situations 1) where there is no evidence, or insufficient evidence, in the record establishing a specific date of claimant's permanent and total disability; and 2) where new evidence has been considered on review by the Workers' Compensation Board or court following the decision by the hearing officer.

The majority opinion says:

"The determination that an injured worker is permanently and totally disabled is a legal conclusion of which medical testimony is only one part. Other factors including psychological disability, age, training, aptitude, adaptability to nonphysical labor, mental capacity, conditions of the labor market and motivation must also be examined. In *Wilke* both medical and psychological elements were involved. Claimant is entitled to offer evidence and testimony as to his disability up to and including the time of the hearing to prove his case. It is not until the hearing that all the elements of the case have been considered and claimant's disability is finally determined and adjudged."

After expounding the above sound and salutary propositions of workers' compensation law (with which I wholeheartedly agree), the majority opinion then proceeds to ignore them in deciding the point in issue.

As pointed out in *Wilson v. Weyerhaeuser,* 30 Or App 403, 409, 567 P2d 567 (1977):

"There are two types of permanent total disability: (1) that arising entirely from medical or physical incapacity—such cases are easier to determine and seldom find their

way to us on appeal—and (2) that arising from physical conditions of less than total incapacity plus nonmedical conditions, which together result in permanent total disability. Typically, such nonmedical evidence relates to age, training, aptitude, adaptability to nonphysical labor, mental capacity and emotional condition, as well as the condition of the labor market. * * *"

In my view, the proposal in the majority opinion is defective and incomplete in failing to deal with the two fact situations described above.

In the case at bar, the majority declares:

"Applying the *Wilke* rule in this matter, we find claimant to have established that she was permanently and totally disabled as of October 3, 1979. That is the date of her followup examination at Woodland Park Hospital in the Northwest Pain Center Program. * * *"

I disagree with the majority's conclusion on the facts as well as the law. A reading of this court's original opinion on the merits in this case (50 Or App 533, 623 P2d 1118 (1981) shows that this court there determined that claimant was permanently and totally disabled as a result of her physical condition *plus* nonmedical elements of age, training, aptitude, adaptability to non-physical labor, mental capacity, emotional condition and conditions of the labor market. 50 Or App at 537. Contrary to the assertion in the majority opinion, no doctor at any time ever stated that claimant was permanently and totally disabled.

For the foregoing reasons it is impossible either from the medical reports or other evidence in this case to fix a date when it can be said that the evidence established that claimant was permanently and totally disabled. Only pure speculation can be used by a court to set a date on which claimant became permanently and totally disabled.

The majority's position that the *Wilke* rule can be applied in the instant situation is totally untenable.

My review of this matter persuades me that the rule should be as follows:

When an award has been modified to award permanent and total disability, the effective date is to be determined as follows:

1) Where the injured worker has proven that he was permanently and totally disabled as of a certain date, then that is the effective date. *Wilke v. SAIF, supra.*

2) Where there is no evidence, or insufficient evidence, in the record establishing a specific date of claimant's permanent and total disability, then the effective date of that modification should be the date of the first hearing at which the latest evidence bearing on that issue was offered, and upon which a correct determination of that disability could have been made, by the referee, Workers' Compensation Board or court.

3) In those instances where new evidence has been considered on review by the Workers' Compensation Board or court following the decision by the referee, and the previous award has been modified, then the date of the Board or court's hearing shall be deemed the effective date of disability.