Argued and submitted April 29, affirmed in part,
reversed in part and remanded June 22, 1983

In the Matter of the Compensation of
Leroy Kociemba, Claimant.

## KOCIEMBA,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent.*

(81-06016; CA A25163)

665 P2d 375

Charles S. Tauman, Portland, argued the cause for petitioner. With him on the brief was Willner, Bennett, Bobbitt, Hartman & Tauman, P.C., Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Claimant appeals from an order of the Workers' Compensation Board, which affirmed the referee's finding of compensability, reversed the referee's finding of permanent total disability, refused to award attorney fees on Board review and remanded the case to SAIF. We affirm in part, reverse in part and remand to the Board for further proceedings.

Stated briefly, in 1965 claimant sustained a severe injury to his left leg in a job-related accident for which SAIF accepted responsibility. Later, he developed osteomyelitis in his leg as a direct result of that injury. Still later, he developed a disabling low-back condition and a peptic ulcer, both of which he claimed to be related to his leg injury. SAIF denied the compensability of both of those conditions at the time of the hearing involved in this appeal. The referee found that both claimant's low-back condition and his peptic ulcer were causally related to his 1965 compensable injury. Although the referee found that the ulcer condition was not medically stationary, he awarded claimant permanent total disability, based on his left leg injury, his back condition and the ulcer.

■   The Board, on SAIF's appeal, affirmed compensability of the back and ulcer and agreed that claimant's ulcer condition was not medically stationary. Notwithstanding the latter finding, which, standing alone, was a sufficient basis for refusing to determine the extent of claimant's disability, the Board rendered what appears to be an extended advisory opinion that claimant would not be entitled to an award of permanent total disability, because his refusal to undergo recommended medical treatment (amputation of his left leg) was unreasonable.[1] *See Clemons v. Roseburg Lumber Co.,* 34 Or App 135, 578 P2d 429 (1978). That issue was not before the Board, and it acknowledged that in its conclusion when it

---

[1] The Board stated that, given the history of claimant's difficulties with his leg, "amputation does not appear an 'extreme' medical alternative." In *Clemons v. Roseburg Lumber Co.,* 34 Or App 135, 578 P2d 429 (1978), we stated:

"* * * The relevant inquiry is whether, if compensation were not an issue, an ordinarily prudent and reasonable person would submit to the recommended treatment. Such a determinaton must be based upon all relevant factors, including the worker's present physical and psychological condition, the degree of pain accompanying and following his treatment, the risks posed by the treatment and the likelihood that it would significantly reduce the worker's disability. * * *" 34 Or App at 139.

stated that it would abstain from rating claimant's disability, which "will be the concern of the Evaluation Division once claimant becomes fully stationary from all of his compensable conditions." Given that conclusion, the Board properly reversed the referee's disability award and remanded the claim to SAIF for payment of medical benefits for all of claimant's compensable conditions and for payment of time loss benefits.

■ Both SAIF and claimant agree that it was error for the Board and the referee to address the issue of the extent of claimant's disability after it was established that his ulcer condition was not medically stationary. As indicated above, we agree with the parties' concession and hold that the extent of disability was not properly before the referee or the Board. Although the Board reached that conclusion, it purported to decide that claimant should not be awarded permanent total disability because of his unreasonable refusal to accept recommended medical treatment. That issue was not before the Board either. We affirm the Board's order on compensability and its ultimate disposition in remanding the case to SAIF.

■ Claimant's second assignment of error is based on the Board's refusal to award him attorney fees on Board review. At the time of the hearing, SAIF had denied compensability of claimant's low-back condition and ulcer. The referee held that those conditions were compensable. SAIF requested Board review of the referee's order in its entirety. Although the Board reversed a portion of the referee's order, it affirmed that portion reversing SAIF's denials for the low-back and ulcer conditions. Under ORS 656.386(1), payment of attorney fees by the insurer is authorized when a claimant successfully challenges a denial and finally prevails in a review by the Board. The Board erred in refusing to award attorney fees in this case.

We affirm the Board's finding of compensability of claimant's back and ulcer conditions, its reversal of the referee's premature determination of the extent of disability and its remand of the case to SAIF; we reverse the denial of attorney fees for services on Board review.

Affirmed in part; reversed in part, and remanded to Board to fix the amount of attorney fees for claimant on Board review.