No. 82-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

ROBERT MOILANEN,

        Claimant and Appellant,

   -vs-

MARBLES MOVING & STORAGE, Employer,

     and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
              Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hoyt & Trieweiler; John C. Hoyt argued, Great Falls,
        Montana

    For Respondent:

        John Sullivan argued, Helena, Montana
        Robert J. Campbell, Helena, Montana

Submitted: January 12, 1984

Decided: January 3, 1985

Filed: JAN 3 - 1985

*Ethel M. Harrison*
_____
               Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant Robert Moilanen appeals an order of the Workers' Compensation Court concluding that he was only temporarily totally disabled rather than permanently totally disabled. In addition, claimant contends that the trial court improperly refused his request for a lump sum conversion of future benefits, and that the trial court failed to rule on claimant's request that the statutory 20 percent penalty be invoked based on a contention that the insurer unreasonably failed to pay benefits.

We reverse the trial court on the disability issue and hold that claimant proved he was permanently disabled as he was not required to undergo back surgery to determine whether his condition would change. The question that now must be decided by the trial court is whether claimant is permanently partially disabled as the State Fund employer contends, or whether he is permanently totally disabled as the claimant contends. However, we affirm the trial court in its conclusion that claimant in any event was not entitled to a lump sum payment because he had bypassed the required statutory procedures of § 39-71-741, MCA, which requires a written request for a lump sum to be presented to the Division for its determination. We further agree that substantial evidence supports the trial court's conclusion that claimant's application for a lump sum was not sufficient to move the trial court's discretion in any event. On the issue of whether claimant is entitled to the 20 percent statutory penalty under § 39-71-290, MCA, for unreasonable refusal to pay benefits, we remand for a determination of

- 2 -

whether the employer unreasonably refused to pay disability benefits when it notified claimant that it would reduce his benefits from temporary total benefits to that of permanent partial disability benefits. Although the trial court ruled that the State Fund had wrongfully terminated the temporary total benefits, it did not rule on the question of whether this action was an unreasonable termination.

Claimant injured his back on September 4, 1979, while working for Marbles Moving & Storage Company of Great Falls. State Fund, the carrier for the employer, accepted liability and began paying claimant temporary total disability benefits beginning September 6, 1979. Claimant was never able to return to work since that time and the primary issue is whether he should be required to submit to surgery before a determination can be made that he is permanently totally disabled.

Back and leg pain prevented claimant from returning to work, and in April 1980, a doctor performed a myelogram. This test showed essentially normal conditions except that a large cyst was disclosed on the nerve root in the lumbar region of claimant's back. Claimant had an adverse reaction to the myelogram and he was hospitalized for nine days because of complications.

Claimant continued to have pain and could not work as a furniture mover. The State Fund requested that a Great Falls evaluation panel determine his condition. The panel consisted of two medical doctors, a registered physical therapist and a clinical psychologist. The panel examined claimant on December 18, 1980. They used an evaluation guide that rated disability based on loss of function of the limb or part of the body affected. A majority of the evaluation panel found

no objective or neurological reason for claimant's continued pain, and, using the evaluation guide, the panel gave him a zero impairment rating. The clinical psychologist, however, differed with the conclusion of zero impairment, and further stated that claimant's pain and inability to provide for his family produced anger and frustration that resulted in extreme functional disorders. Although the psychologist did not agree with the panel's conclusion of zero impairment, she did not provide an opinion on what the impairment rating would be.

A short time later, Dr. Johnson examined claimant but he found no neurological problem. Nonetheless, claimant continued to have severe pain and a second myelogram was performed. It, too, indicated a normal back condition. But a few months later another doctor, Dr. Nelson, examined claimant, and found that claimant had a herniated disc in the lumbar area. In his report to the claimant's attorney he suggested that claimant would need surgery. Dr. Nelson later stated that surgery would decrease 45 percent of claimant's back pain and 70 percent of claimant's leg pain, but that without surgery, claimant's condition would be permanent.

Yet another doctor examined claimant, and he also concluded that claimant had a herniated disc. Dr. Snider, an orthopedic surgeon, reported that claimant had a possible herniated disc in the lower lumbar area. The doctor rated claimant's physical impairment at 5 percent as compared to the whole body. However, Dr. Snider did not recommend surgery. Rather, he recommended use of a back support and attendance at a "back school."

From the time of his injury and continuing to the present, claimant has received temporary total disability

- 4 -

benefits. While the case was pending before the Workers' Compensation Court, the State Fund, based on medical reports that claimant was not temporarily totally disabled, sent claimant notice that his benefits would be reduced to permanent partial benefits. However, before his benefits were actually reduced, the Workers' Compensation Court ruled on the issues, the effect of which maintained claimant's status receiving temporary total disability benefits.

Because the claimant was awarded temporary total disability this Court questioned whether such an award is final because of its temporary nature. We therefore asked the parties to brief the question of whether an order is final when one is awarded temporary total disability benefits rather than permanent total disability benefits. Both parties have concluded that such an order is appealable. Because the Workers' Compensation Act requires a liberal construction to effectuate its purpose, and because we must recognize this requirement in our own procedural rules governing appealability of issues, we conclude also that the question is appealable. We therefore proceed to the remaining issues, the first being the question of whether claimant proved he was permanently totally disabled.

In ruling on the extent of disability issue, the trial court held that claimant should be continued on the status of _temporary_ total disability. The court stated that "the evidence in this case clearly establishes this claimant _is_ _not_ as far restored as the permanent character of his injuries will _permit_." The trial court relied on the testimony of Dr. Nelson, the report of Dr. Snider, the reports of the psychologists, and the testimony of the claimant. The court stated:

"Dr. Nelson testified that his objective findings indicate disc problems and the probable need for surgery in the future to relieve the claimant's back symptoms. Dr. Snider recommended a back school, and use of an abdominal support. The psychologists indicate a need for therapy to assist the claimant with his depression. The claimant testified he is skeptical about surgery, but he did not rule it out completely as a possible solution for his continued pain. Under these circumstances the claimant continued to be entitled to temporary total disability benefits and this court is unable to make a determination of permanent total disability."

Although it is true the claimant did not rule out back surgery, the claimant argues that substantial evidence supports a finding that he is permanently totally disabled and that he should not be required to undergo back surgery to prove this fact. In recommending back surgery, Dr. Nelson predicated that without it claimant's condition was permanent. And claimant was justifiably skeptical about undergoing back surgery. The prognosis was that even with surgery, at least some pain would continue, and claimant justifiably had concern because of the complications that had developed after the performance of the first myelogram.

Most courts do not require a claimant to submit to surgery in a situation where it has been reasonably refused. Clemons v. Roseburg Lumber Co. (Or.App. 1978), 578 P.2d 429; K. Lee Williams Theatres v. Mickle (Okla. 1949), 205 P.2d 513. Also see 1 Larson, Workmen's Compensation Law, § 13.22 (1978). Without surgery the claimant's condition is permanent and there is not even a contention that claimant unreasonably refused to have surgery. We hold that claimant was not required to undergo back surgery before a determination could be made on the extent of his disability.

Nor does Dr. Snider's testimony indicate that claimant's back injury was anything less than permanent. Though he recommended a back school and use of an abdominal support, the recommendations were not made because of a belief that claimant would, with the best results, be able to enter the normal labor market again. His recommendations were simply made with the belief that claimant's symptoms would be alleviated to some extent--in effect, that these measures might help claimant live with his condition. His condition, and the symptoms caused by this condition, would not be eliminated.

Finally, the psychologists indicated that claimant needed more therapy for his depression, and there is no doubt he was depressed. Much of this depression was caused by claimant's inability to accept his condition and the consequences of not being able to support his family as he had in the past. Although the therapy they recommended may have helped claimant deal with his back condition, the therapy would not heal claimant's back condition.

The result is that claimant would, in any situation, have a permanently injured back. The real issue is not whether he was permanently disabled, but how that permanent disability may have affected his ability to function in the normal labor market. The trial court did not rule on all the statutory factors affecting a claim for permanent disability, and the factual decision of whether claimant is totally or partially disabled is not one for this Court to make in the first instance. The trial court must therefore make these factual determinations.

Claimant next contends he was entitled to a lump sum payment of future disability payments under § 39-71-741, MCA,

- 7 -

and that the trial court erred in refusing to allow it. The statute does not apply where the award is a temporary one. Therefore, based on the trial court's ruling that claimant should continue receiving temporary total disability benefits, claimant would not in any event be entitled to a lump sum payment, and the trial court was not required to reach this issue. Nonetheless, the trial court did reach this issue and we agree with the conclusions. First, and controlling here, § 39-71-741 requires that a claimant submit a written plan to the Division setting forth the reasons for the lump sum request and the plan for using the lump sum if granted. Claimant bypassed this statutory procedure and this was sufficient for the court to deny the request for a lump sum payment even if the court had ruled that claimant's disability was permanent total. Second, the plan submitted was insufficient on its face to move the court's discretion because it was nothing more than a vague plan for the claimant to get into the hat blocking business. This plan was insufficient for either the Division or later the Workers' Compensation Court to base a lump sum payment.

Finally, in asking for the 20 percent penalty in § 39-71-2907, MCA, for unreasonable refusal to pay benefits, the claimant argues that the trial court was required to award this penalty. Claimant bases his contention on the decision by the State Fund to terminate his temporary total disability and pay him only permanent partial benefits, even though claimant suffered no reduction in benefits because before the reductions were put into effect, the trial court ruled that temporary total benefits should continue. The trial court did rule that the State Fund wrongfully terminated claimant but did not rule on the necessary question of

- 8 -

whether this constituted an unreasonable refusal to pay benefits. We therefore remand for a determination of this issue.

The Workers' Compensation Court is affirmed in part, reversed in part, and the case is remanded for further proceedings.

_____
                  Justice

We Concur:

_____
          Chief Justice



_____




_____
             Justices

Mr. Justice Frank B. Morrison, Jr., concurring in part and dissenting in part.

The Workers' Compensation Court found that claimant was totally disabled but that his disability was "temporary" for the reason that back surgery might improve his condition. I agree with the majority opinion that claimant need not undergo back surgery and is ready to be evaluated. The Workers' Compensation Court found claimant to be totally disabled and I would affirm this holding but reverse a determination that surgical improvement could improve his status as being irrelevant.

The issue of total disability was resolved by the lower court. The case should be remanded for a determination on whether claimant is entitled to a lump sum after the appropriate plan is submitted.

Justice

Mr. Justice Fred J. Weber dissents:

I respectfully dissent from the opinion of the majority. In concluding that the defendant proved he was totally disabled and reversing the District Court, the majority has not applied the well-settled standard of review for factual determinations of the Workers' Compensation Court.

The majority has quoted from the Workers' Compensation Court's findings regarding Dr. Nelson's testimony concerning objective findings of disc problems and the probable need for surgery, the psychologist's indication of need for therapy to assist with depression, and the testimony of the claimant that he is skeptical about surgery but did not rule it out. Immediately preceding that quoted portion of the findings, the Workers' Compensation Court also stated:

"The evidence in this case clearly establishes this claimant is not as far restored as the permanent character of his injuries will permit."

In view of that conclusion by the Workers' Compensation Court, it was appropriate for the court to conclude that the claimant remains entitled to temporary total disability benefits and that the Workers' Compensation Court cannot make a determination of permanent total disability.

The cited evidence constitutes substantial evidence to support the conclusion of the lower court that the claimant is not as far restored as the permanent character of his injuries will permit. I would hold there is substantial evidence to support the findings and conclusions on the part of the Workers' Compensation Court. See Lamb v. Missoula Imports, Inc. (Mont. 1984), 684 P.2d 498, 499, 41 St.Rep. 1414, 1416. That holding would in no way foreclose the defendant from proving at some future time that his recovery has proceeded as far as possible so that a permanent

-11-

award should be made. I would affirm the determination of the
Workers' Compensation Court.

_____
Justice


Mr. Justice L. C. Gulbrandson:

I join in the foregoing dissent of Mr. Justice Weber.

_____
Justice


Mr. Chief Justice Frank I. Haswell:

I join in the foregoing dissent of Mr. Justice Weber.

_____
Chief Justice

-12-